UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELLIS J. LARD,<br><br>   Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | No. 1:21-cv-11511-DHH |

### REPORT AND RECOMMENDATION

April 13, 2022

Hennessy, M.J.

  On September 10, 2021, Petitioner Ellis J. Lard ("Lard") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Dkt. No. 1]. He names as Respondent "USA, ET. (sic) AL." [Id.]. On January 14, 2022, the Court issued a Service Order directing Respondent to file "an answer or other responsive pleading" within 21 days of receipt of that order. [Dkt. No. 13]. On February 4, 2022, Respondent timely filed a motion to dismiss and a memorandum of law. [Dkt. Nos. 14 and 15]. Both documents include Certificates of Service indicating that Respondent mailed copies to Lard on February 7, 2022, by prepaid first-class mail. [Dkt. Nos. 14 at 2; 15 at 5].

  An opposition to a motion to dismiss must be filed within 14 days after the motion is served. See D. Mass. L.R. 7.1(b)(2). Lard's opposition was therefore due on February 22, 2022. See Fed. R. Civ. P. 5(b)(2)(C) and 6(a)(1). Lard did not respond to the motion to dismiss by that date. On March 3, 2022, the Court entered an Order directing Lard to file an opposition to Respondent's Motion to Dismiss by March 21, 2022. [Dkt. No. 17]. The Court indicated that failure to comply with that Order "may result in dismissal of his case with prejudice." [Id.]. Lard failed to comply

with this Court's Order to Respond. The Court gave Lard another opportunity to respond by entering an Order to Show Cause on March 31, 2022. [Dkt. No. 22]. The Court ordered Lard to show cause as to why his Petition should not be subject to dismissal with prejudice. [Id.]. Lard again failed to file anything with the Court.

Respondent's motion to dismiss remains pending. Having received no opposition, the Court recommends that the motion be granted. Dismissal is also warranted for want of prosecution of the action by Lard. See D. Mass. L. Civ. R. 41.1(b)(2) ("Failure on the part of the plaintiff to file the required statement or to appear at the scheduled hearing shall be grounds for the dismissal of the action."). Having notified Lard that his failure to comply with the Court's repeated orders will result in dismissal with prejudice, this recommendation of dismissal can be an adjudication on the merits. See D. Mass. L. Civ. R. 41.1(c) ("The dismissal of a case pursuant to this rule shall not operate as an adjudication on the merits unless the court on motion of a party directs otherwise.").

Lard failed to timely respond to Respondent's motion to dismiss or to comply with the Court's repeated orders. The undersigned therefore recommends that Respondent's motion to dismiss be granted, and the case be dismissed with prejudice.[1]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[1] The parties are advised that pursuant to Fed. R. Civ. P. 72 any party that objects to this Report and Recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of receipt of this Report and Recommendation. Written objections must specifically identify the portion of the proposed findings, recommendations, or report to which the party objects and the basis for those objections. The Parties are further advised that the United States Court of Appeals for the First Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See, e.g., Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).